UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENSUN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:13 CV 1278 RWS |
| | ) |
| TROY STEELE and, | ) |
| CHRIS KOSTER, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Gensun Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Nannette A. Baker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Judge Baker submitted her recommendation that Johnson's habeas petition should be denied. Johnson has filed objections to Judge Baker's report.[1] I have conducted a *de novo* review of Johnson's claims and have carefully reviewed the record in this case. Based on that review, I agree with Judge Baker that Johnson's petition should be denied.

---

[1] Johnson filed objections to Judge Baker's recommendation but these objections, for the most part, merely adopt the reply brief Johnson previously filed in this case.

Johnson was convicted of first degree murder, first degree assault, and two counts of armed criminal action. He was sentenced to life imprisonment without parole for first degree murder, life in prison for the armed criminal action counts, and seven years imprisonment for the second degree assault conviction. Johnson's conviction was based on an incident in which Johnson fired six shots into a car, killing one victim and injuring another.

In his habeas petition Johnson raises ten grounds for relief. The first two grounds of his habeas petition assert trial error regarding the admission into evidence of the high speed chase Johnson led the police on immediately prior to his arrest and the gun he threw from the car during the chase. His next two grounds assert trial error for the trial court permitting, during voire dire, the state questioning the venire panel regarding the ability to convict based solely on eyewitness testimony or solely on the testimony of only one eyewitness. I agree with Judge Baker's finding that these grounds fail to support a claim for habeas relief because they involve rules of evidence and trial procedure that are matters of state law. Palmer v. Clarke, 408 F.3d 423, 436 (8th Cir. 2005) ("The admissibility of evidence in a state trial is a matter of state law, and thus we will grant habeas relief only if the state court's evidentiary ruling 'infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" quoting Clark v. Groose, 16 F.3d 960, 963 (8th Cir.1994)). None of the trial court's actions on these grounds infringed upon a specific constitutional protection or was so prejudicial as to amount to a denial of due process.

Johnson's remaining six grounds for relief assert claims of ineffective assistance of trial counsel and direct appeal counsel. To prevail on a claim alleging ineffective assistance of counsel, a defendant must show counsel's performance was deficient and that the deficient performance prejudiced the defense. In other words, a defendant must show that but for counsel's ineffective assistance the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In his fifth ground for relief Johnson asserts that his trial counsel was deficient by failing to call two purported alibi witnesses. The state post-conviction court conducted credibility determinations and concluded that Johnson and his witnesses were not credible. Such a determination is presumed to be correct and Johnson has the burden to overcome this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e). Johnson failed to meet that standard. The state court of appeals affirmed the post-conviction court's rulings. I find that the state appellate court's ruling did not result in a decision that was contrary to, or an unreasonable application of federal law, nor an unreasonable determination of the facts. 28 U.S.C. § 2254(d). As a result, Johnson is not entitled to relief on these grounds.

Johnson's remaining grounds for relief are procedurally defaulted and also

3

lack merit. Johnson asserts his trial counsel was ineffective for failing to object to the striking a venire person by the prosecutor; failing to object to part of the prosecutor's closing argument; and failing to object to the prosecutor's alleged vouching for a witness. None of these grounds has merit based on the record. Even if Johnson's trial counsel could be deemed to have been constitutionally ineffective based on these grounds (which she was not), there is no reasonable probability that the result of the trial would have been different if these alleged errors had not occurred. Johnson was identified by more than one eyewitness, who knew him personally, as the shooter.

Johnson's last two grounds for relief assert that his direct appeal counsel was ineffective for failing to appeal the trial court's admission into evidence of an unavailable witness's previous trial testimony and the previous statement of another witness. These evidentiary rulings are matters of state law. Nebinger v. Ault, 208 F.3d 695, 697 (8th Cir. 2000) (state court rulings "on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation."). The rulings did not infringe upon a specific constitutional protection or were so prejudicial as to amount to a denial of due process. These grounds for relief are without merit.

After reviewing the record in this matter, I find that Johnson is not entitled to habeas relief on any of the grounds raised in his petition. As a result, I will adopt the report and recommendation of Judge Baker and deny Johnson's petition.

*Certificate of Appealability*

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Johnson has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Judge Nanette A. Baker's report and recommendation is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED that** Petitioner Gensun Johnson's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2016.